McClendon, j.
lain this action for damages against a contractor, the contractor appeals a default judgment entered against it that ordered it to pay $510,354.63 to plaintiff. For the following reasons, we vacate the default judgment and remand this matter to the trial court.'
FACTS AND PROCEDURAL HISTORY
On December 9, 2010, plaintiff, Joann Schilling, filed a petition for damages, wherein she alleges that on or about December 15, 2009, she sustained personal injuries as a result of inhaling fumes from a plumbing leak in the Poydras Building in Baton Rouge. Plaintiff alleges that she was working on the third floor of the Poy-dras Building when she was “drenched” by commercial bleach being poured into a drain on .the fourth floor break room. Plaintiff asserts that the leak was caused by .defective construction in the plumbing *661 system and named Bernhard Brothers Mechanical Contractors, LLC, the contractor allegedly responsible for installing the plumbing, and Ratcliff Construction Company, LLC, the general contractor, as defendants.
On December 14, 2010, plaintiff filed an Amending and Supplemental Petition for Damages, naming Bernhard Mechanical Contractors, Inc. as a defendant. On January 24, 2011, plaintiff filed a Second Amending and Supplemental Petition, alleging'that Bernhard Mechanical Contractors, Inc, knowingly and in bad faith concealed the defect in the plumbing system such that its actions constituted fraud to preclude Bernhard Mechanical Contractors, Inc. from any claims of peremption under LSA-R.S. 9:2772.
With regard to service and citation, on December 14, 2010, plaintiff requested service of the Original and the Amending and Supplemental Petition on Mr. C. Robert Bernhard, Jr., as the, registered' agent for service for Bernhard Mechanical Contractors, Inc. at an address in Baton' Rouge. Citation, however, reflects that service was attempted on C. Robert Bernhard, Jr. as agent for |,^‘Bernhard Brothers Mechanical Contractors, Inc.”[1] On January 28, 2010, citation and service were returned as “due and diligent.”[2] Then, on March 12, 2011, plaintiff requested service of the Original, the First Amending and Supplemental Petition, and the Second Amending and Supplemental Petition on “Bernhard Mechanical Contractors, Inc. through its registered agent for service Kenneth' Bernhard” in Lafayette. On March 18, 2011, personal service of the three referenced , petitions was made on “JoAnn,” Mr. Kenneth Bern-hard’s secretary.
Bernhard Mechanical- Contractors, Inc. (Bernhard) did not appear, file an answer, or file any exceptions... As a result, plaintiff filed a motion and order for judgment of default, and a preliminary default was subsequently entered on September 13, 2011. On December 15, 2011, plaintiff confirmed the default judgment, and the trial court rendered judgment, ordering Bern-hard to pay plaintiff the sum of $510,354,63. , .
On December 29, 2011, Bernhard filed a motion for new trial with an incorporated peremptory exception. In. its pleading, Bernhard alleged that - plaintiffs claims were perempted .by LSA-R.S. 9:2772 A(l)(a). Bernhard subsequently filed a supplemental motion for new trial and a separate exception of preemption. In its supplemental motion, for new trial, Bern-hard alleged that some of the documents plaintiff relied upon in confirming, the default were not properly authenticated or certified such that the documents were not sufficient proof to support a default judgment. On June 21, 2012, in a reply memorandum, Bernhard asserted for the first time that it was never properly served or cited as required by law.
Following a hearing on June 25, 2012, the trial court- denied Bernhard’s motion for new trial and exception of peremption.
Bernhard has appealed, assigning the following as error:
[tl. The Trial Court erred, in rendering a Default Judgment against-Bem- *662 hard Mechanical Contractors, Inc. and in failing to grants new trial when the record showed that there was not valid service and citation on , defendant-appellant.
2. The Trial Court erred in rendering a Default Judgment against Bernhard Mechanical Contractors, Inc. and in failing to grant a new trial when the record showed that all claims had been perempted against the defendant-appellant prior to filing suit.
3. The Trial Court erred in rendering a Default Judgment against Bernhard Mechanical Contractors, Inc. and in failing to grant a new trial based on the incompetent and inadmissible evidence introduced by plaintiff in an attempt to prove a prima facie case of liability against defendant-appellant.
4. The Trial Court erred in rendering a Default Judgment against Bernhard Mechanical Contractors, Inc. and in failing to grant a new trial based on the incompetent and inadmissible evidence introduced by plaintiff in an attempt to prove the $510,354.63 in damages.
DISCUSSION
A new trial can be granted on peremptory or discretionary grounds. 'Louisiana Code of Civil Procedure article 1972, which provides the peremptory grounds, reads:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
The discretionary grounds are found in LSA-C.C.P. art. 1973, which provides that “[a] new trial may be granted in any case if there is good ground therefore.” The standard of review of a judgment on a motion for new trial, whether on peremptory or discretionary grounds, is that of abuse of discretion. Guillory v. Lee, 09-0075 (La.6/26/09), 16 So.3d 1104, 1131.
In its first assignment of error, Bernhard contends that it was never properly served and cited as required by LSA-C.C.P. art. 1261.[3] Bernhard avers Rthat LSA-C.C.P. art. 1261 requires that a domestic corporation be served by personal service on its registered agent for service of process. Only if the registered agent cannot be served after due diligence, does the article allow service to be made upon someone other than the registered agent.
*663 Bernhard contends that nothing in the record reflects that the registered agent for service of process for Bernhard Mechanical Contractors, Inc. was ever served with the lawsuit. Rather, Bernhard notes that initial service was made ón Bernhard Brothers Mechanical Contractors, Inc., an entirely separate and distinct entity. Bernhard submits that because' no valid attempt was made to serve one of its registered agents prior to service upon a secretary, personal service on a secretary was not valid under LSA-C.C.P. art.. 1261.
As noted by the plaintiff, however, Bern-hard did not allege insufficiency of service or citation in its initial motion for new trial filed on December 29, 2011. Rather, Bernhard raised issues related to eviden-tiary matters and alleged that plaintiff’s claims were perempted. Bernhard subsequently filed a number of pleadings and failed to raise the issue of insufficiency,of service or citation in these pleadings. It was not until June 21, 2012, in a reply memorandum, that Bernhard asserted the alleged insufficiency of the service and citation.
Generally, insufficiency of service and citation are declinatory exceptions that must be raised prior to or in the answer, or prior to or along with the filing of any pleading seeking relief. LSA-C.C.P. arts. 925 and 928. We also recognize that a declinatory exception raising an objection of insufficiency of service of | (¡process or citation must be filed prior to the confirmation of a default judgment. See LSA-C.C.P. art. 928(A); see also Rodriguez v. Prudhomme Mobile Homes, Inc., 98-1384 (La.App. 3 Cir. 3/3/99), 737 So.2d 75. Even so, after a default judgment is entered, a defendant can raise lack of citation or service through other .procedural avenues.[4] However, when a defendant fails to raise the issue initially, he ■ invokes the jurisdiction of the court and-waives his objection to the alleged insufficiency of the service and citation. See Rodriguez, 737 So.2d at 79, wherein the Third Circuit stated:
Clearly; [defendant] submitted to the jurisdiction of the court in this casé before it even raised the issue of sufficiency of service of process since it filed a motion for new trial alleging other grounds and asked the trial court for relief which was unrelated to service of process. In essence [defendant] has invoked the jurisdiction of this court by seeking other remedies besides insufficient service of process. We also, note that [defendant] continues to allege other grounds for reversal. of the judgment on appeal. Therefore, we find that it waived any objections, it may have had to service of .process. [Internal Citations Omitted.]
See also LSA-C.C.P. art.12002 A(2), which provides that, “[a] final judgment shall be annulled if it is rendered ... [a]gainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction.” (Emphasis added.) Accordingly, - because Bernhard invoked the jurisdiction of the court by filing its motion for new trial and peremptory exception prior to raising the issues of insufficiency of service of process and. citation, it waived any objection it may have had on those bases. As such, assignment of error number one is without merit.
In its second assignment of error, Bern-hard alleges that all of plaintiffs claims *664 were perempted prior to plaintiff filing suit. Bernhard avers that the exhibits plaintiff submitted to the trial- court to support the confirmation of default reflect that the State of Louisiana accepted the Poydras Building, at the 17latest, on October 10, 2002.[5] Bernhard asserts that the State’s acceptance of the building necessarily included the acceptance of the entire construction project, .which included the plumbing work done on the fourth floor of the Poydras Building.
Bernhard notes that the petition in this case was not filed until December 15, 2009. Therefore, Bernhard avers that plaintiff’s suit was perempted on the face of the petition by LSA-R.S. 9:2772 A, which provides in pertinent part:
Except as otherwise provided in this Subsection, no action, whether ex con-tractu, ex delicto, or otherwise,' including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or -work, shall be brought against any person performing or furnishing land surveying services, as such term is-defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not-limited to a residential building contractor as defined in R.S. 37:2150.1:
(l)(a) More than five years after the ■ date of-registry in the mortgage office of acceptance of the work by owner.
Bernhard contends that any cause of action against it was extinguished by operation of law on October 10, 2007. Bernhard concludes that plaintiffs petition was filed in excess of three years past the peremp-tive date set forth in LSA-R.S. 9:2772.
In opposition, plaintiff contends that Bernhard’s exception raising the objection of peremption cannot be entertained until a judgment is reversed or vacated on some other basis. -We note, however, that peremption may ' be (^pleaded or- it may be supplied by a court on its own motion at any time prior to final judgment. LSA-C.C. art. 3460. - Although a default judgment is a final judgment for the purposes of appeal in accordance with LSA-C.C.P. art.2083, the judgment of the trial court is not appealable until the expiration of the new trial delays. Accordingly, a party or the court may raise peremption at any time before the expiration of the new trial delays. Davis v. Coregis Ins. Co., 00-00475 (La.App. 3 Cir. 12/27/00), 789 So.2d 7, 10, writ denied, 01-0292 (La.3/30/01), 788 So.2d 1192. Therefore, *665 the default judgment did not bar Bernhard from raising the ■ exception of peremption in its timely motion for new trial.
Plaintiff acknowledges that the' peremp-tive period in this matter would have normally run after five years, but contends that the fraud provision found in LSA-R.S. 9:2772 H(l) applies under the facts herein. Louisiana Revised Statutes 9:2772 H(l) provides:
The peremptive period provided by this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon. The provisions of this Subsection shall be retroactive.
“Fraud” is defined as “a misrepresentation or a suppression of the truth made-with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.”[6] See LSA-C.C. art. 1953. Fraud, if alleged, must be decided by trial separate from and prior to the trial of any or all other issues. LSA-R.S. 9:2772 H(2).
The existence of fraud is a question of fact. Whitehead v. American Coachworks, Inc., 02-0027 (La.App. 1 Cir. 12/20/02), 837 So.2d 678, 682. In ,pleading fraud, the circumstances constituting fraud must be alleged with particularity, although knowledge may be alleged generally. LSA-C.C.P art. 856. Mere, silence or inaction without fraudulent intent does not constitute fraud. | ^Fraudulent intent, or the intent to deceive, is a necessary and inherent element of fraud. See Whitehead, 837 So.2d at 682. Fraud cannot be predicated upon mistake or negligence, no matter how gross. Id.
Absent a finding of fraud, plaintiffs suit against Bernhard would have been per-empted- at the time it was filed. Plaintiff apparently recognized that she, as part of her prima facie case, was required to establish fraud to overcome the peremptive period found in LSA-R.S. 9:2772 A.[7]
A prima facie case is established when the plaintiff proves the essential allegations of its petition, with competent evidence, to the same extent as if the allegations had béen specifically denied. Crescent City Const., Inc. v. Camper, 03-1727 (La.App. 1 Cir. 12/30/04), 898 So.2d 408, 413. In other words, a plaintiff must present competent evidence that convinces the court that it is more probable than not that he would prevail at a trial on the merits. Signlite, Inc. v. Northshore Service Center, Inc., 05-2444 (La.App. 1 Cir. 2/9/07), 959 So.2d 904, 906. There is a presumption that a default judgment -has been rendered upon sufficient evidence to *666 establish a prima facie case and is correct, and appellant has the burden of overcoming that presumption. However, this presumption does not apply where testimony is transcribed and contained in the record. Signlite, 959 So.2d at 906-07. Because there is a transcript of the testimony in the record before us, the presumption of the validity of the confirmation of the default judgment does not apply.
| ^Confirmation of the default judgment is similar to a trial at which the defendant is absent. At the hearing on the confirmation of default, the rules of evidence generally apply. Crescent City Const., Inc., 898 So.2d at 413 (citing 1 Prank L. Maraist, Louisiana Civil Law Treatise: Civil Procedure § 12.3, at 452-53 (2d ed.2Ó08)). . “Because at a default confirmation there is no objecting party,, to prevent reversal on appeal, both plaintiff and the trial judge should be vigilant to assure that the judgment rests on admissible evidence” that establishes a prima fa-cie case. Arias v. Stolthaven New Orleans, L.L.C., 08-1111 (La.5/5/09), 9 So,3d 815, 820 (citing George W. Pugh, Robert Force, Gerald A. Rault, Jr,, & Kerry Triche, Handbook on Louisiana Evidence Law 677 (2007)).
Plaintiff asserts that the evidence produced, at the confirmation hearing was ■sufficient to establish a prima facie showing of fraud. At the hearing on the confirmation of default, plaintiff introduced the State’s, Responses to Plaintiffs Request for Admission of Facts wherein plaintiff avers the State admitted that the plans for the Poydras Building required that a pipe connect the floor drain located in the fourth floor break room to the main drain system located underneath the floor. Further, plaintiff avers that-the State also admitted that subsequent to plaintiff s>incident, the State inspected the floor drain and discovered the missing pipe.
Plaintiff also notes that in its response to Plaintiffs Request for Admission of Facts, Ratcliff Construction Company, LLC, the general contractor for the construction of the Poydras Building, admitted that Bernhard was the sole contractor that performed all plumbing work on the Poydras Building. Moreover, plaintiff avers that the State also admitted that at no time prior to plaintiffs incident did anyone from' the Office of State Buildings make any alterations or modifications to the fourth floor break room floor drain in the Poydras Building.
"The only additional evidence admitted at the confirmation hearing regarding the alleged defect was that “a four inch thimble for a floor drain [was] not installed or piped into the two inch p-trap. The two inch pipe was not ⅛ n extended up through the floor,” To repair the. problem, the State “installed a four inch plug in the opening to prevent future' spills to the lower floor.”
At the hearing. on the motion to confirm the default, the issue of .fraud was never specifically argued by the plaintiff nor addressed by the trial court. Despite plaintiffs argument in her appellee brief regarding Bernhard intentionally concealing a defect, no evidence in this regard was entered at the confirmation hearing.[8] Although -highly suspicious facts *667 and circumstances surrounding transactions are proper considerations in determining whether fraud has been committed, we recognize that fraud is never presumed. See El Paso Exploration Co. v. Olinde, 527 So.2d 511, 513 (La.App. 1 Cir.1988) and Tramontin v. Tramontin, 04-2286 (La. App. 1 Cir. 12/22/05), 928 So.2d 29, 33, writ denied, 06-0155 (La.5/26/06), 930 So.2d 20.
The evidence presented at the confirmation hearing was simply insufficient to establish a prima facie case of fraud, which requires proof that Bernhard misrepresented or suppressed the truth with the intention of obtaining an unjust advantage or to cause a loss or inconvenience to the State. See LSA-C.C. art. 1953. Accordingly, based on the record before us, plaintiff has failed to establish that it is more probable than not that she would prevail at a trial on the merits. Given the procedural posture of this case, including the denial of the parties’ right to admit evidence at the hearing on the peremptory exception[9] and 112the failure to comply with LSA-R.S. 9:2772 H(2)[10], we remand this matter to the trial court.
In light of our conclusion that plaintiff failed to establish her prima facie case on the issue of fraud, we pretermit discussion of assignment of error numbers three and four.
CONCLUSION
For the foregoing reasons, we grant Bernhard’s motion for new trial and vacate and set aside the December 15, 2011 judgment of the trial court confirming the default judgment. - This matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are. assessed to plaintiff, Joann Schilling.. t,
VACATED AND REMANDED.

. Bernhard Brothers Mechanical Contractors, Inc, had been inactive since 2004 when it merged with Bernhard Brothers Mechanical Contractors, LLC.

. On January 24, 2010, plaintiff contends that it requested service of the Second Supplemental and Amending Petition on Mr. C. Robert Bernhard, Jr., which was purportedly made on Mr. C. Robert Bérnhard via personal service on February '8, 2011. Mr. C. Robert Bernhard is not a registered agent for service of process for "Bernhard Mechanical Contractors, Inc.”

. Louisiana Code of Civil Procedure article 1261 provides, in pertinent part:
A. Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
B. If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of the citation or other process may be made by any of the following methods:'
(1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state.' ■
(2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted.

. Peremptory grounds for nullifying a judgment, including for lack of service as required by law, may generally be asserted through a motion for new trial, on appeal, or through a separate action. See LSA-C.C.P. art. 2002 A(2); Leonard v. Reeves, 11.-10.09 (La.App. 1 Cir. 1/12/12), 82 So.3d 1250, 1260; see also Pollock v. Talco Midstream Assets, Ltd., 44,629 (La.App. 2 Cir. 9/23/09), 22 So.3d 1033, 1037.

. In its answer to plaintiff's interrogatories seeking information regarding who certified or accepted the plumbing system and/or floor drain on the fourth floor of the Poydras Building, the State indicated:
William Morrison óf Facility Planning and Control accepted the building upon the recommendation of the designer of records, Richard Brow, ALA.
Attached is the Notice of Acceptance of Building Contract, the Office of State Fire Marshall’s Certificate of Completion, the Fourth Floor Final Inspection dated August 13, 2002, and Reinspection by Richard Brown September 2, 2002, the September 5, 2002, Fourth Floor Punch List Reinspection by. Richard Brown, and the Punch List prepared by Richard Brown dated October 9, 2002.

. Louisiana Revised Statutes 9:2772H(3) adopts the definition of fraud set forth in LSA-C.C. art 1953/

. In her Second Supplemental and Amending Petition, plaintiff alleges:
Plaintiff specifically alleges that, upon information and belief, Defendants, through their agents, servants, or employees, pressure-tested the above-described floor drain on the fourth floor of the Poydras Building, and disconnected the hose used in the pressure test, but knowingly failed to remove the test hose and failed to re-connect piping from the said floor drain to the building plumbing system, and further specifically alleges, upon information and belief, that Defendants, through their agents, servants, or employees, knowingly concealed the defect in the floor drain by simply placing a grating over the said floor drain.
[[Image here]]
Plaintiff further specifically alleges that, pursuant. to Louisiana jurisprudence, the bad faith exhibited by Defendants precludes Defendants from the protection of the per-emptive period established by La. R.S. 9:2772.

. In her brief, plaintiff contends that Bern-hard's employees concealed the deficiency of the missing pipe by placing grating over a clearly open hole in the floor. Plaintiff asserts that it defies belief that a metal grating could be somehow negligently fitted over what was' obviously an open hole in the floor. Plaintiff concludes that this act could only be done knowingly, and with the intent to hide the defect in the plumbing system from the owner of the building. However; argument and briefs, no matter how artful, are not *667 evidence. See Wilson v. Davis, 07-1929 (La, App. 1 Cir. 5/28/08), 991 So.2d 1052, 1063, writs denied, 08-2011, 08-2020 (La. 11/10/08), 996 So.2d 1070, 1071.

. At the hearing on the motion for new trial and on the peremptory exception, the parties only presented argument , with regard to the service and citation issue. Although the parties intended to address the remaining issues, including peremption, the trial court terminated the hearing, indicating that it "has reviewed [the other issues], and the cod A is going to take this matter under advisement.” It is not clear whether the parties intended to introduce witnesses or additional evidence on the peremptory exception.

. Perhaps because the trial court was never specifically directed to the issue of fraud, it failed to decide the issue of fraud by trial separate from and prior to all other issues. See LSA-R.S. 9:2772 H(2).