STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 1312

DARLENE ORDENEAUX

VERSUS

ARKEL FOOD SERVICES, L.L.C., ABC INSURANCE COMPANY,
DAFFNEY BALDWIN, SHRIVER INVESTMENT PROPERTIES, L.L.C.,
AND XYZ INSURANCE COMPANY

*Judgment Rendered:* **JUN 0 4 2021**

* * * * * * * *

Appealed from the
23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Case No. 104,993

The Honorable Emile R. St. Pierre, Judge *Pro Tempore*

* * * * * * * *

| | |
|---|---|
| Steve Joffrion<br>Garrett Joffrion<br>John Kitto<br>Prairieville, Louisiana | Counsel for Plaintiff/Appellant<br>Darlene Ordeneaux |
| Martin E. Golden<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellees<br>Ascension Plaza, L.L.C. and<br>Continental Casualty Company |

* * * * * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**THERIOT, J.**

The plaintiff appeals a summary judgment dismissing her claims against the defendants with prejudice. For the reasons set forth herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

Ascension Plaza, L.L.C., a Louisiana limited liability company, was formed on September 20, 2006 for the purpose of developing a shopping center. Shortly after its formation, Ascension Plaza, L.L.C. purchased vacant land in Gonzales, Louisiana and developed Ascension Plaza Shopping Center ("the shopping center"). Donnie Jarreau Construction, Inc., a Louisiana corporation, was the licensed general contractor for the construction of the shopping center. Its principal, Donald M. Jarreau, Jr., was also Ascension Plaza, L.L.C.'s original member and manager. Ascension Plaza, L.L.C. owned the shopping center through the completion of construction and lease of retail space. On April 30, 2009, it sold the shopping center to Shriver Investments, L.L.C.

On October 11, 2011, Darlene Ordeneaux visited several stores in the shopping center. While walking to her car, she tripped and fell over an unpainted concrete traffic flow barrier in the shopping center parking lot. Ordeneaux alleges that she sustained serious bodily injuries in this fall, and on October 4, 2012, she filed suit against a number of parties, including the premises owner, Shriver Investments, L.L.C., alleging that the unpainted concrete traffic flow barrier was an unreasonably dangerous condition.

On May 15, 2015, almost four years after the trip and fall accident and over six years after Ascension Plaza, L.L.C. sold the premises, Ordeneaux amended her petition to add Ascension Plaza, L.L.C. and Donald Jarreau, Jr. d/b/a Donnie Jarreau Construction, as defendants. This amended petition alleges that Shriver

2

Investments, L.L.C.[1] and/or Ascension Plaza, L.L.C. are the "current owners of the building and/or land and adjacent parking lot," and that Jarreau "constructed or modified" the premises, "either as owner or contractor."

Ascension Plaza, L.L.C. and Jarreau filed an exception raising the objection of peremption under La. R.S. 9:2772, which provides a five-year peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon. After a hearing, the trial court sustained the exception and gave Ordeneaux until July 24, 2019 to amend her petition.[2] Ordeneaux filed an amended petition on July 24, 2019, in which she asserted "a new . . . theory of liability that does not fall within the peremption statute." Ordeneaux's amended petition alleged that the unpainted concrete traffic flow barrier was a vice or defect in the property that amounted to an unreasonably dangerous condition that presented an unreasonable risk of harm to patrons; Ascension Plaza, L.L.C. and Jarreau (its "sole partner and manager") either knew or should have known of the unreasonably dangerous condition because Ascension Plaza, L.L.C. owned the premises at the time the shopping center and its parking lot (including the concrete traffic flow barrier) were constructed, and for at least a year thereafter; and Ascension Plaza, L.L.C. and Jarreau failed to warn patrons of the existence of the unreasonably dangerous condition. Ordeneaux later amended her petition again to add Ascension Plaza, L.L.C.'s liability insurer, Continental Casualty Insurance Company, as a defendant.

Ascension Plaza, L.L.C. and Continental Casualty Insurance Company filed a motion for summary judgment on May 21, 2020, asserting that no genuine issues of material fact exist and they are entitled to judgment as a matter of law. In support of their motion, they filed Jarreau's affidavit, stating that Ascension Plaza,

---

[1] Ordeneaux dismissed her claims against Shriver Investments, L.L.C. and its insurer on June 12, 2015.

[2] The trial court also granted a motion for summary judgment filed by Jarreau on this date.

L.L.C. sold the shopping center over two years before the accident; Ordeneaux's original and amending petitions; and the July 18, 2019 trial court judgment sustaining the exception of peremption. In opposition to the motion, Ordeneaux filed excerpts from Jarreau's deposition testimony; the expert report of architect Ladd Ehlinger regarding the unreasonably dangerous nature of the unpainted traffic flow barrier; and an affidavit of Jeffrey Shriver, stating that construction and design of the parking lot were completed prior to Shriver Investment Properties, L.L.C.'s purchase of the shopping center from Ascension Plaza, L.L.C.

After a hearing, the trial court granted the motion for summary judgment, finding that no factual issues remained and that defendants were entitled to judgment as a matter of law. Ordeneaux's suit was dismissed with prejudice, and this appeal followed.

## DISCUSSION

Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). After an opportunity for adequate discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *In re Succession of Beard*, 2013-1717, p. 10 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether or not there is a genuine issue of material fact. See

4

*Hines v. Garrett*, 2004-0806, p. 1 (La. 6/25/04), 876 So.2d 764, 765 (per curiam). A genuine issue is one as to which reasonable persons could disagree. However, if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Hines*, 2004-0806 at p. 1, 876 So.2d at 765-66. A fact is "material" when its existence or nonexistence is essential to the plaintiff's cause of action under the applicable theory of recovery. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730, 751. Any doubt as to a dispute regarding an issue of material fact must be resolved against granting the motion and in favor of a trial on the merits. *Id.*

The burden of proof on a motion for summary judgment rests with the mover. La. C.C.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense. Rather, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). Although factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. *Guillory v. The Chimes*, 2017-0479, p. 4 (La.App. 1 Cir. 12/21/17), 240 So.3d 193, 195.

Whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Larson v. XYZ Insurance Company*, 2016-0745, p. 7 (La. 5/3/17), 226 So.3d 412, 417.

Although the exception of peremption filed by defendants and sustained by the trial court is not included in the record designated on appeal by Ordeneaux, the parties do not dispute that the basis for the trial court's finding that Ordeneaux's claims were barred by peremption was La. R.S. 9:2772, which provides:

A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:

(1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.

(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.

(c) If, within ninety days of the expiration of the five-year peremptive period described in Subparagraph (a) of this Paragraph, a claim is brought against any person or entity included within the provisions of this Subsection, then such person or entity shall have ninety days from the date of service of the main demand or, in the case of a third-party defendant, within ninety days from service of process of the third party demand, to file a claim for contribution, indemnity or a third-party claim against any other party.

(2) If the person performing or furnishing the land surveying services, as such term is defined in R.S. 37:682, does not render the services preparatory to construction, or if the person furnishing such services or the design and planning preparatory to construction does not perform any inspection of the work, more than five years after he has completed the surveying or the design and planning with regard to actions against that person.

6

B. (1) The causes which are perempted within the time described above include any action:

    (a) For any deficiency in the performing or furnishing of land surveying services, as such term is defined in R.S. 37:682, including but not limited to those preparatory to construction or in the design, planning, inspection, or observation of construction, or in the construction of any improvement to immovable property, including but not limited to any services provided by a residential building contractor as defined in R.S. 37:2150.1(9).

    (b) For damage to property, movable or immovable, arising out of any such deficiency.

    (c) For injury to the person or for wrongful death arising out of any such deficiency.

    (d) Brought against a person for the action or failure to act of his employees.

    (2) Deficiency, as used in this Section, includes failure to warn the owner of any dangerous or hazardous condition, regardless of when knowledge of the danger or hazard is obtained or should have been obtained.

    (3) Except as otherwise provided in Subsection A of this Section, this peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.

C. If such an injury to the property or to the person or if such a wrongful death occurs during the fifth year after the date set forth in Subsection A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than six years after the date set forth in Subsection A, even if the wrongful death results thereafter.

D. Actions for the causes enumerated in Sub-section B of this Section, against the persons enumerated in Sub-section A of this Section, shall prescribe by the applicable prescriptive periods established by law for such actions.

E. The peremptive period provided by this Section shall not be asserted by way of defense by a person in possession or control, as owner, lessor, tenant, or other possessory interest, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury, damage, or death sued upon with regard to any cause of action arising out of the alleged delict, quasi delict, or

7

obligation of any such person arising out of his possession or control of the property.

F. Nothing in this Section shall be construed as modifying the liability or responsibility otherwise imposed by law on the owner of an immovable or the possessor, lessor or lessee of an immovable, by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property.

G. Causes of action arising from the performing or furnishing of land surveying services, as such term is defined in R.S. 37:682, if not performed preparatory to construction, which exist prior to September 11, 1981, shall be perempted one year from said date or by the applicable peremptive period established by this Section, whichever is later.

H. (1) The peremptive period provided by this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon. The provisions of this Subsection shall be retroactive.

(2) In any action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any or all other issues. However, if fraud is alleged in nonresidential contracts in an action commenced after the expiration of the five-year period provided by this Section, and the court determines that the allegation was brought in bad faith and no fraud is found, then the party who made the allegation shall be liable for court costs and attorney fees. If fraud is proven, then the party that has committed the fraud shall be liable for court costs and attorney fees.

(3) Fraud, as used in this Section, shall have the same meaning as provided in Civil Code Article 1953.

I. Nothing in this Section shall be construed as limiting or modifying the non-liability of contractors for destruction or deterioration of, or defects in, any work, as provided in R.S. 9:2771.

After being granted leave to amend her petition, Ordeneaux attempted to set forth claims that she characterizes as "sounding in general negligence" against Ascension Plaza, L.L.C., "as the party who created a hazardous condition." The allegations of Ordeneaux's amended petition are that Ascension Plaza, L.L.C. was the owner of the property at the time the unpainted concrete traffic flow barrier

8

was constructed; neither Jarreau nor Ascension Plaza, L.L.C. contracted with any other party to install the concrete traffic flow barrier on the property; Ascension Plaza, L.L.C. and Jarreau knew or should have known that the concrete traffic flow barrier was present on its premises and amounted to an unreasonably dangerous condition; and Ascension Plaza and Jarreau failed to warn patrons and pedestrians of the unreasonably dangerous condition.

By alleging that Ascension Plaza, L.L.C. and Jarreau did not contract with anyone to construct the concrete traffic flow barrier on their behalf, Ordeneaux seems to again seek to impose liability on Ascension Plaza, L.L.C. for its role in the construction. The trial court has already determined that any such claims are perempted. Further, to the extent that Ordeneaux alleges that Ascension Plaza, L.L.C. failed to warn patrons and pedestrians of the hazardous condition it created, such claims also fall within the five-year peremptive period. See La. R.S. 9:2772(B)(2).

Regardless of Ordeneaux's attempts to characterize her claims as "general negligence" (as opposed to landowner liability), the remaining allegations of her amended petition seek to impose liability on Ascension Plaza, L.L.C. by virtue of its ownership of the property. Such liability is governed by La. C.C. art. 2317.1, which provides that the owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. For liability to attach under La. C.C. art. 2317.1, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the garde or legal custody of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a

cause in fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk. *Tomaso v. Home Depot, U.S.A., Inc.,* 2014-1467, p. 5 (La.App. 1 Cir. 6/5/15), 174 So.3d 679, 682. Article 2317.1 imposes a negligence standard based on the owner or custodian's knowledge or constructive knowledge of the defect. Liability arises out of a defendant's legal relationship to the thing based on the defendant's custody or control of the thing, not solely ownership of the thing, and liability does not attach unless all of the elements set forth above are proven. *Cosey On Behalf of Hilliard,* 2019-0785, pp. 7-8 (La.App. 4 Cir. 11/12/20), --- So.3d ---, ---, 2020WL6687515, *writ denied,* 2021-00083 (La. 3/23/21), 312 So.3d 1097. In their motion for summary judgment, Ascension Plaza, L.L.C. and Continental Casualty Company pointed out the absence of factual support for the garde element of Ordeneaux's claim. Ordeneaux offered no evidence in opposition to the motion for summary judgment to show that a genuine issue of material fact exists as to whether Ascension Plaza, L.L.C. was the owner or custodian of the shopping center at the time of her accident. Because she failed to provide sufficient factual support to establish the existence of a genuine issue of material fact or that the defendants are not entitled to judgment as a matter of law, summary judgment was appropriate.

Ordeneaux argues on appeal that the trial court's summary judgment was procedurally improper because it dismissed her suit either on the basis of peremption or failure to state a cause of action, both of which she asserts must be raised by exception, or on grounds first raised in defendants' reply memorandum. Ordeneaux argues that if the issues had been properly raised by exception, she would have been afforded an opportunity to amend her petition in order to state a cause of action and avoid dismissal. However, as previously noted, Ordeneaux was given the opportunity to amend her petition following the sustaining of the exception of peremption, and she subsequently amended her petition in an attempt

to set forth a claim that was not barred by peremption. Regardless of how she characterizes her amended claims, her allegations of liability are either rooted in Ascension Plaza, L.L.C.'s ownership of the property (and thus governed by article 2317.1) or its role in the construction (and thus time-barred). Ordeneaux is incorrect in her statement that the trial court granted summary judgment on the basis of peremption or failure to state a cause of action. Rather, the trial court found that to the extent that Ordeneaux's amended petition set forth claims that did not fall under the peremptive period in La. R.S. 9:2772, defendants were entitled to summary judgment because Ordeneaux failed to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the defendants are not entitled to judgment as a matter of law. As noted above, summary judgment was properly granted, and this assignment of error has no merit.

Ordeneaux also alleges that to the extent her amended petition continues to assert a construction defect claim to which La. R.S. 9:2772 is applicable, her claims are not preempted because they fall within the fraud exception in subsection (H)(1), which states that the five-year peremptive period does not apply to claims against a party whose fraud has caused the damages sued upon. "Fraud" is defined as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." *Schilling v. Bernhard Bros. Mechanical Contractors, LLC*, 2012-2105, p. 8 (La.App. 1 Cir. 9/13/13), 186 So.3d 658, 665, *writ denied*, 2013-2378 (La. 12/6/13), 129 So.3d 537; La. C.C. art. 1953.[3] In pleading fraud, the circumstances constituting fraud must be alleged with particularity, although knowledge may be alleged generally. *Id.*, citing La. C.C.P. art. 856. Mere silence or inaction without fraudulent intent does not constitute fraud. Fraudulent intent, or the intent to deceive, is a necessary and

---

[3] Louisiana Revised Statutes 9:2772(H)(3) adopts the definition of fraud set forth in La. C.C. art. 1953.

11

inherent element of fraud. Fraud cannot be predicated upon mistake or negligence, no matter how gross. *Schilling*, 2012-2105 at pp. 8-9, 186 So.3d at 665. Ordeneaux's petition contains no allegations of fraud or fraudulent intent. As such, this assignment of error is without merit.

Finally, Ordeneaux argues that the trial court erred in holding that "the creator of a dangerous thing or condition cannot be liable for the harm it causes to another absent the creator's garde over the property at the time of the harm." This is a mischaracterization of the trial court's ruling. The allegations of Ordeneaux's amended petition attempted to impose liability on Ascension Plaza, L.L.C. based either on its role in the construction of the unpainted concrete traffic flow barrier or its status as owner of the property during and after construction. While claims for a construction defect do not require proof of garde, any such claims have been held to be perempted under La. R.S. 9:2772. The remaining claims arise from ownership and are governed by La. C.C. art. 2317.1, which requires that the plaintiff prove that the defendant had garde of the property at the time of injury. This assignment of error lacks merit.

## DECREE

For the reasons set forth herein, the trial court judgment in favor of Ascension Plaza, L.L.C. and Continental Casualty Insurance Company, granting the motion for summary judgment and dismissing the plaintiff's claims against them with prejudice, is affirmed. Costs of this appeal are assessed to plaintiff, Darlene Ordeneaux.

**AFFIRMED.**