# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CARMEN NICHOLAS

VERSUS

TERRY L. BONNIE

NO.  2023 CW 0365

**AUGUST 14, 2023**

---

In Re:   Terry L. Bonnie, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 616866.

---

**BEFORE:   GUIDRY, C.J., LANIER, HESTER, GREENE AND MILLER, JJ.**

**WRIT GRANTED.**   The trial court's March 17, 2023 judgment denying defendant's exception of peremption is reversed. Plaintiff's petition was filed after the three-year peremptive period for a legal malpractice action.  La. R.S. 9:5605.  Once peremption occurred, plaintiff's claim was destroyed and the 2014 consent judgment purporting to establish defendant's liability could not revive the extinguished claim.  Cf. **Naghi v. Brener,** 2008-2527 (La. 6/26/09), 17 So.3d 919 (holding where expiration of the peremptive period for legal malpractice had destroyed the cause of action there was nothing for an amended petition to relate back to).  Further, the 2014 consent judgment granted only a partial summary judgment on the issue of liability.  As such, it was not a final judgment that would bar defendant from raising the exception of peremption.  See **Schilling v. Bernhard Bros. Mech. Contractors LLC,** 2012-2105 (La. App. 1st Cir. 9/13/13), 186 So.3d 658, 665, writ denied, 2013-2378 (La. 12/6/13), 129 So.3d 537.  Accordingly, the exception of peremption filed by defendant, Terry L. Bonnie, is granted and the claims asserted against him by plaintiff, Carmen Nicholas, are dismissed with prejudice.

**JMG**
**WIL**
**CHH**
**HG**

**Miller, J.,** dissents and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

_a.s.O_

---
DEPUTY CLERK OF COURT
   FOR THE COURT